IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| VICTORIA N. LOPEZ, § | |
|     Plaintiff, § | |
| v. § | NO. 3:14-CV-00314-RFC |
| § | |
| CAROLYN W. COLVIN,[1] § | |
| Acting Commissioner of Social Security § | |
| Administration, § | |
|     Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. Plaintiff, who was born on December 23, 1949, was sixty years old as of her alleged onset date of May 1, 2010,[2] and was sixty-three years old at the time of the ALJ's decision. (R:10-27, 33,120) She is unable to communicate in English and attended school through the seventh grade. (R:148, 149) She

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] At the hearing before the Administrative Law Judge ("ALJ"), Plaintiff amended the onset date from June 1, 2007 to May 1, 2010. (R:33)

has past relevant work experience as a sewing machine operator.  (R:36)  For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

## PROCEDURAL HISTORY

On October 3, 2011, Plaintiff filed applications for DIB and SSI.  (R:120, 124)  Her applications were denied initially and on reconsideration.  (R:47-50)  Plaintiff filed a request for a hearing, which was conducted on July 10, 2013.  (R:28-46)  The ALJ issued a decision on August 14, 2013, denying benefits.  (R:13-23)  The Appeals Council ("AC") denied review.  (R:5-8)

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the ALJ's finding that Plaintiff could perform her past relevant work as a sewing machine operator is supported by substantial evidence.

2. Whether the ALJ committed reversible error in arriving at her step four determination.

Plaintiff contends that the ALJ's fourth step finding that Plaintiff can perform her past relevant work as a sewing machine operator was made in error.  (Doc. 20:3-5)  She urges that the ALJ relied on Vocational Expert ("VE") evidence that conflicted with the Dictionary of Occupational Titles ("DOT").  (Doc. 20:3)  She contends that had the ALJ properly evaluated Plaintiff's residual functional capacity ("RFC") compared to her past work she would likely have found her unable to perform her past relevant work and proceeded to step five of the sequential evaluation.  There, Plaintiff would have been found disabled pursuant to Medical Vocation Guidelines ("Grids") Rule 202.02.  (Doc. 20:5)  By relying on this error to reach her step four conclusion, the ALJ's decision is not supported by substantial evidence.  *Id*.  The Defendant responds by asserting that substantial evidence does in fact exist to support the fourth step finding, that no legal error was committed by

the Commissioner, and that Plaintiff failed to satisfy her step- four burden of showing that she was unable to perform her past relevant work. (Doc.21:2-5)

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether

the impairment prevents the claimant from doing any other work.  20 C.F.R. § 404.1520.  The claimant bears the burden of proof at the first four steps of the analysis.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering claimant's residual functional capacity, age, education, and past work experience, that she is capable of performing other work.  If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that she cannot, in fact, perform that work.  *See Masterson v. Barnhart,* 309 F.3d 267, 271-272 (5th Cir. 2002).

In the present case, the ALJ first determined that Plaintiff had not engaged in substantial gainful activity since June 1, 2007, the alleged onset date.  (R:15).[3]  At step 2, the ALJ found that Plaintiff had severe impairments of: rheumatoid arthritis; obesity; cardiomegaly; and, hypertension.  *Id*.  The ALJ further found that Plaintiff had non-severe impairments of osteopenia, anxiety, and dysthymic disorder.  (R:16-18)  At step three, she concluded that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the listed impairments.  (R:17)  The ALJ determined that Plaintiff's allegations regarding her limitations were not fully credible.  (R:19)  After considering the entire record, the ALJ determined that Plaintiff retained the residual functional capacity to perform light work that involved no more than frequent handling and fingering.  (R:18)  At step four, the ALJ concluded that Plaintiff could perform her past relevant work as a sewing machine operator.  (R:22)  Consequently, she found that Plaintiff was not disabled through the date of the decision.  (R:22-23)

---

[3] But see footnote 2.

### *III. The ALJ's Determination of Plaintiff's Residual Functional Capacity*

Residual functional capacity is the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine Plaintiff's abilities despite her physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

In arriving at her RFC determination, the ALJ relied primarily on the medical evidence in this case. This includes an opinion by state agency physician Dr. Roberta Herman, who concluded that Plaintiff was not disabled. (R:48) State agency physician Shabnam Rehman also arrived at the same conclusion. (R:49) The ALJ also considered the opinion of Plaintiff's primary physician, Dr. Ron Baker, who concluded that Plaintiff's symptoms were responsive to treatment. (R:200-227; 279-321) The ALJ considered a vast amount of other medical evidence as well, which will not be reviewed here since it is not at issue. None of it negates the ALJ's RFC determination.

As part of making her determination, the ALJ assessed Plaintiff's credibility and subjective complaints of pain and limitation. It was within her broad discretion to weigh the evidence and make credibility choices. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). After careful consideration of the entire evidence, the ALJ determined that Plaintiff's medically determinable impairments could be expected to cause some of her alleged symptoms but that her statements

concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (R:19, 21-22)  In this connection, the ALJ noted the observations contained in a disability report dated October 3, 2011, by an interviewer who stated: "61 yr. old female, modestly dressed, well spoken, no obvious signs of disability, however she did show me some disturbing pictures of her legs when the blood disorder flares up." (R:146)  The same interviewer observed that Plaintiff had no difficulties with sitting, standing, walking, using her hands, and writing during the interview. *Id*.  The ALJ also noted that although Plaintiff had claimed that she stopped working due to her physical and mental impairments, such was contradicted by her claim to Betsy Nacim, Ph.D., that she had stopped working when she moved to El Paso but had continued to look for work. (R:20, 34, 254)  Finally, the ALJ noted that Plaintiff testified that she had never participated in counseling for her mental impairments or received physical therapy for her hands, notwithstanding her testimony regarding impairments in each area, which suggested that these impairments were not as bothersome as alleged. (R:22, 34-37, 39)  As a result, the ALJ concluded that Plaintiff's RFC was one which permitted her to perform light work that involved no more than frequent handling and fingering. (R:18)  Such a decision was within the ALJ's discretion and is supported by substantial evidence.

      Plaintiff contends that the ALJ committed reversible error when she relied upon VE testimony that conflicted with the DOT without obtaining a reasonable explanation for the conflict. (Doc. 20:3-4)  Plaintiff further argues that Social Security Ruling ("SSR") 00-4p requires the ALJ to elicit a reasonable explanation for conflicts existing between a VE's testimony and the information included in the DOT. (Doc. 20:4)  The ruling requires that when the vocational evidence is not consistent with the information in the DOT that the ALJ must resolve the conflict before relying on the VE evidence to support a determination that the individual is or is not disabled. (Doc. 20:3-4)

Plaintiff argues that such was not the case here, and, as a result, the ALJ's finding that Plaintiff is able to perform her past relevant work is not supported by substantial evidence. (Doc. 20:5) Therefore, the case should be remanded for an award of benefits or for further administrative action. *Id*.

Plaintiff's contentions are without merit. SSR 00-4p states that occupational testimony provided by a VE should generally be consistent with the DOT. At the hearing level, as part of the ALJ's duty to fully develop the record, the ALJ should inquire whether or not there is consistency between the VE evidence and the DOT. *See* SSR 00-4p. The ALJ complied with her obligation by admonishing the VE that his testimony should be consistent with the DOT. (R:43) The VE responded unequivocally in the affirmative. *Id*.

At the hearing before the ALJ, the VE testified that Plaintiff's past relevant work was that of a lockstitch machine operator. *See* DOT 786.682-170; (R:44) The ALJ asked the VE whether a person of the same age, education, and work history as Plaintiff who could perform the requirements of light work except that she could only frequently and not constantly handle and finger would be able to perform the requirements of Plaintiff's past relevant work. (R:44) The VE answered affirmatively–the transcript indicates his response was "Right, only [INAUDIBLE]". (R:44) It is apparent from the transcript that all parties clearly understood that the ALJ's answer was an affirmative one, and Plaintiff's counsel failed to inquire further into this issue. (R:44-45) The ALJ agreed with the VE testimony and found that Plaintiff could perform her past relevant work as generally performed. (R:22) The Court finds that the testifying VE's opinion is consistent with the description of Plaintiff's past relevant work as generally performed and as described in the DOT, and, contrary to Plaintiff's contention, there was no conflict between the DOT and the testifying VE for the ALJ to resolve.

Contrary to Plaintiff's claim, this job requires no more than frequent handling and fingering, and is consistent with the ALJ's RFC finding and DOT 786.682-170. Thus, the ALJ properly determined that Plaintiff's past relevant work as a sewing machine operator as generally performed did not require the performance of work-related activities precluded by Plaintiff's RFC for light work with no more than frequent handling and fingering. Thus, there was no conflict that required an explanation by the ALJ.

Plaintiff further argues that the VE testimony in this case is incomplete because there was no further testimony or clarification regarding the VE's response to the hypothetical question from the ALJ, thus nullifying the existence of substantial evidence to support the ALJ's finding that Plaintiff was able to perform her past relevant work. (Doc.20:4-5) Presumably, the argument is that if the entire answer given by the VE had been audible, a different conclusion might have been arrived at by the ALJ. This argument also lacks merit. Plaintiff's counsel failed to ask any questions regarding this precise issue at the hearing. (R:44-45) As stated earlier, it appears clear from the record that all parties had the same understanding that the VE's gave an affirmative response at the hearing. Ultimately, Plaintiff bears the burden of proof at the first four steps of the sequential evaluation. *See Perez v. Barnhart,* 415 F.3d 457, 461 (5th Cir. 2005). She failed to sustain it.

Alternatively, even if the ALJ committed error by not seeking to have the VE's answer clarified, such error would be harmless based on the evidence in the record. The context makes it obvious that an affirmative answer by the VE to the question asked by the ALJ is the only logical one that exists. Plaintiff utterly failed to pursue the matter at the hearing. Nor does she offer evidence or argument showing that the VE's conclusion should have been a different one.

"Procedural perfection in administrative proceedings is not required. This court will not vacate a judgement unless the substantial rights of a party have been affected. . . The major policy

underlying the harmless error rule is to preserve judgments and avoid waste of time." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). This Court will remand for further proceedings only where the procedural imperfection casts doubt on the existence of substantial evidence to support the ALJ's decision of non-disability. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

A review of the entire record supports the ALJ's findings and RFC determination. The VE's testimony constitutes substantial evidence that Plaintiff is capable of performing other work existing in significant numbers in the national or regional economy. Thus, there was no reason to proceed to step five of the sequential evaluation process, inasmuch as Plaintiff failed to meet her burden at step four. Plaintiff's subjective complaints are insufficient to support her claims of disability, in light of the rest of the evidence which supports the ALJ's decision. Finally, the Court adjudges that no reversible error was committed by the ALJ, and that no award of benefits is warranted.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on August 12, 2015.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE